DETERMINED IN THE

# Supreme Court of Judicature,.

OF THE

## STATE OF NEW JERSEY,

### AT NOVEMBER TERM, 1825.

ABEL SMITH *v.* JAMES P. DEMAREST and DAVID P.. DEMAREST.

1. Though an award should not in terms decide all the matters submitted to the arbitrators, yet if the thing awarded necessarily includes the other things and matters mentioned in the submission, it is sufficient.

2. When the submission gave to the arbitrators power to order and award that the parties should execute mutual releases, such power is fully satisfied. ∘ and fairly pursued by an award of *several* releases.

*Hornblower* and *Wall* argued in support of the award..

*Frelinghuysen* and *Van Arsdale* against it.

EWING, C. J. Disputes and controversies subsisting in· respect to the division line between lands of Abel Smith, of the one part, and James P. Demarest and David P. Demar-est, of the other part, in the township ·of Hackensack, in

the county of Bergen, for the ascertaining, running, marking and finally settling the said division line, an agreement in writing under the hands and seals of the parties was made, whereby all matters in dispute between them respecting the said division line were submitted to three arbitrators, and that their award or that of any two of them should be final and conclusive to both parties, with power to order that the parties should execute mutual releases to each other in conformity with the award, and that the submission should be made a rule of this Court. Two of the arbitrators made an award, bearing date on the 30th day of January, 1819, and after reciting the submission they awarded, 1st. That all actions, suits, quarrels and controversies between the parties concerning the said premises submitted, should cease. 2d. That the division line between the aforesaid lands of the said parties be and the same is finally settled and fixed as follows, viz: beginning at the east side of the English Neighborhood road, at the fence now standing between the aforesaid lands of Abel Smith and the lands of the aforesaid David P. Demarest, and running from thence southeasterly, as the said fence now runs, 41 chains and 45 links to a large white wood tree marked, and from thence, running along a line or row of marked trees on a course of south 49 degrees east, about 77 chains to a stake and heap of stones, being at the southeast corner of the said Abel Smith's lands, on a course, from a large white oak tree marked, and standing on the said Abel Smith's land, of south twenty-one and an half degrees west, 44 links. 3d. That the said Abel Smith shall seal and execute to the said David P. Demarest a release of all that part of the said Abel's aforesaid lands which in consequence of the settling and fixing of the division line as awarded should fall within the boundary of the said David P. Demarest's farm on the southwest side of the said division line and adjoining the same, and that the said Abel Smith should execute a like release to the said James P. Demarest; and that the

Smith *v.* Demarests.

said David. P. Demarest should seal and execute to the said Abel Smith a release of all that part of the said David's land which in consequence of the settling and fixing of the division line as awarded should fall within the said Abel's boundary on the northeast side of the said line and adjoining the same; and that the said James P. Demarest should execute a like release to the said Abel Smith, and 4th. That each of the parties should have and keep his own fence.

This submission having been made a rule of the Court, cross rules were taken: on the part of Abel Smith for an attachment, for non-performance of the award, and on the part of the Demarests for setting it aside. And the argument on both rules took place at the last term.

1st. The principal exception against the award is, that it is not consonant to the submission, because not decisive of the whole line of division between the parties. By reference to a map,* without which the matter cannot be so readily understood, it will be seen that at the date of the submission, Abel Smith, on the northerly side of a line running easterly from the English Neighborhood road towards the Hudson river, owned and possessed lands extending to a line running southerly striking the first mentioned line, along which to the eastward of the lands of Smith lay lands belonging to

This draft is merely intended to give a general view of the controversy, and not to exhibit proportions &c.

the heirs of one Samuel J. Moore. On the southerly side of the first mentioned line and extending from the English Neighborhood road towards the Hudson river, along the lands both of Smith and of Moore, with the exception of a lot of one Jacob Coles, lay the lands first of David P. Demarest, and then of James P. Demarest, owned and possessed by them severally. But Abel Smith insisted that the line designated by the possession of the parties was not the true division line, that the true division line beginning at a common point on the English Neighborhood road, run southerly of the line of possession forming an angle with it and therefore the Demarests were in possession of a gore or triangular piece of land belonging to him. The referees decided that the line claimed by the Demarests was not the true division line, and fixed and ascertained as the true division line, one called on the argument, for distinction's sake, the longitudinal line, running from a point on the English Neighborhood road by specified course and distance to a stake and heap of stones which they declare to be the south-east corner of Abel Smith's lands. But they do not describe by course or distance, or distinctly specify in their award, the line called, on the argument, the transverse line, from the stake and stones to the place where the line dividing Smith's and Moore's land strikes the possession line—and because that line, the transverse line, is not in terms described and specified in the award, it is insisted that the award does not decide all the matters submitted to the arbitrators.

The legal principle on which this exception is raised is sound. It has been long established by a train of cases and was recognized by this court in that of *Richards* v. *Drinker*, 1 *Halst.* 320; *Ch. Just. Kinsey* there says "The award must be according to the submission and must comprehend all matters therein contained. The object in making a submission is to have a final settlement of every matter comprehended within its terms and this purpose is defeated when the arbitrators exclude from their consideration and

decision any portion of the questions between the parties." But it is a conclusive answer to this exception, that the award corresponds on the face of it with the submission and that neither by the terms of the submission nor by any act or declaration of the parties was it made known to the arbitrators that any dispute or controversy existed respecting any line save that which is fixed and ascertained by the award. It is abundantly proved by several affidavits read on the argument that the longitudinal line alone was in controversy before the arbitrators, and the only line shewn to them as a matter of dispute. John D. Haring, Esq. one of them, states, "he understood from David P. Demarest, James P. Demarest, Abel Smith and John Westervelt, the disputed line to be the one running from the English Neighborhood road to Abel Smith's eastern boundary line, and never understood from any of the parties that there was any dispute as to the line running crosswise on the map, but that it was confined to the line running east and west.

In *Baspole's case* 8 *Co.* 193, on objections to an award made under a submission of "all matters, suits, debts, duties, actions and demands whatsoever;" it was resolved that although there were many matters in controversy, yet if only one be signified to the arbitrator, he may make an award of that, for the arbitrator is in lieu of a judge and his office is to determine *secundum allegata et probata*, and the duties of the parties who are grieved and know their particular griefs, is to signify their causes of controversy to the arbitrator, for they are privy to them and the arbitrator a stranger, and each ought to do that which lies in his knowledge. In the case of *Ormelade* v. *Coke, Cro. Jac.* 354, the parties had submitted themselves to the arbitrament of J. C. and J. D., of all trespasses, duties and demands, and they awarded that the defendant should pay in satisfaction of all trespasses and injuries done by the defendant to the plaintiff so much, '&c.; it was objected that it appears not, there was an end of all trespasses and

demands between them according to the said submission, because it is not appointed that the one should release to the other all trespasses and demands. But the court conceived it to be well enough, for it is not intended, that the arbitrators had *any intelligence given to them* that the defendant had any cause of action against the plaintiff, but only that the trespasses were solely made by the defendant and the cause of action given only to the plaintiff, and if it were otherwise it should have been shewn on the defendant's part, nor is it to be intended unless it be shewn. The same doctrine is sustained by the cases of *Middleton* v. *Weeks, Cro. Jac,* 200. *Hawkins* v. *Colclough,* 1 *Burr.* 274, and *Richards* v. *Drinker* above cited, in which the court declared the award void, *because the submission being conditional, the award of parcel only, *when the arbitrators had notice of other matters embraced within it,'* is illegal.

But it was insisted at the bar, that the transverse line was laid open to controversy by the location which the arbitrators made of the originally controverted line, and they ought therefore to have located the transverse line in order to complete the division line between the parties. To this argument, as also to the exception, it is a full answer, that the arbitrators have settled and fixed this transverse line with as much certainty as if specially and in terms described in the award. And if the thing awarded necessarily includes the other things mentioned in the submission, the award is sufficient, *Kyd.* 114, and the cases there cited, 14 *John.* 106. Now the fixing of the longitudinal line from the road to the stone heap, necessarily fixes the transverse line, which can run only to the stone heap from the place where the line between Smith and Moore strikes the line designated by the possession. If the stone heap be the southeast corner of Abel Smith's land, then his eastern line is to be continued the distance of 79 links to the stone heap. It is very common for surveyors to run out all the lines of a tract but the last or closing line, that being necessarily fixed by the ascertainment of the others.

Some other exceptions, considered by the counsel of minor importance, were taken to the award.

2. It was said the arbitrators had exceeded their power by awarding that all actions, &c., should cease. Whatever there may be beyond form and of substance in this clause is fully supported by the submission, for the actions and controversies to be no farther prosecuted are limited to "the said premises submitted" for "finally settling" which the submission was made.

3. It was insisted, that the award in respect to releases varies from the submission—the latter authorizing joint, and the former directing several releases. But this objection is founded on an incorrect construction of the submission. Power to order and award that the said parties should execute mutual releases to each other in conformity with the award, is fully satisfied and fairly pursued by several releases, and more especially as at the time of the submission, the Demarests, although both interested in giving to the line in dispute the same location, yet owned and possessed their lands in severalty.

4. It was urged that the third clause of the award is uncertain, inasmuch as it mentions David P. Demarest's farm, and James P. Demarest's farm, and directs releases, but does not specify how far either farm extends nor define explicitly what these releases are to comprehend. But it is manifest that the certainty is adequate to the subject matter and to the purpose which the arbitrators designed, and therefore sufficient. They fixed the division line, and to preclude all future dispute, they required Smith to release to the Demarests, all lands lying on the one side of that line, and them to release to him all lands lying on the other. No precise description was either necessary or desirable. The more general the terms were, the more efficacious. The description is sufficiently explicit for a legal release and of consequence for an award.

5. It was contended that the arbitrators had exceeded their authority in the clause of the award which relates to the fence.  If in ordering that each party shall have and keep his own fence, the arbitrators referred to the maintaining of the fence thereafter, they have ordered no more than the law itself required.  If, however, they meant to dispose of the fence standing on the possession line between the parties, they have only decided a matter which might have been the subject of controversy, concerning the division line and within the submission.

Rossell, J. concurred.

Ford, J. dissented on the first point and concurred on the others.